## MAGIN *v.* CARLE.

## SAME *v.* LEHMAN.

*(Circuit Court, N. D. New York.  October 28, 1889.)*

PATENTS FOR INVENTIONS—ANTICIPATION.

Letters patent No. 248,646, were granted to Charles Gordon October 25, 1881, for improved apparatus for cooling and drawing beer. The specifications claimed as inventions the surrounding the faucet with a cold-air passage, an upper ice-box connected with the cold-air passage, by means of which the air cooled in the ice-box and the water produced by the melting ice cools the liquid in the supply-pipe connected with the faucet, and the surrounding the outer pipe with a non-conducting jacket. Claim 1 was the combination of the ice-box, supply-pipe, faucet, and cold-air passage. Claim 4 was the combination of the ice-box, supply-pipe, faucet, lower chamber, and cold-air passage communicating between the ice-box and lower chamber. *Held,* that claims 1 and 4 were anticipated by an apparatus invented and put in use by one Meinhard in 1877, and used for four years, embodying the same principles as the Gordon invention, except the non conducting jacket surrounding the air passage. This jacket was simply a space filled with non-conducting material, to prevent the absorption of heat by the air in the cold-air passage. This addition was common knowledge and not invention.

In Equity: Bills for infringement of patent.

For statement of the claims of the patent, and opinion on former hearing as to its validity, see 24 Fed. Rep. 743.

*John R. Bennett* and *George B. Selden,* for plaintiff.

*Josiah Sullivan,* for defendants.

BLATCHFORD, Justice. These are two suits in equity, brought for the infringement of letters patent No. 248,646, granted to Charles Gordon, October 25, 1881, for an "improvement in apparatus for cooling and drawing beer." It is the same patent which was involved in the suits of *Magin* v. *McKay* and *Magin* v. *Welker,* 24 Fed. Rep. 743, (decided by

me in this court August 20, 1885.) In the opinion in those cases the material parts of the specification and the four claims are set forth and the operation of the apparatus is described. It was there held that, so far as claims 1 and 4 were concerned, the invention was anticipated by an apparatus put in use by one Meinhard, in Rochester, N. Y., in the summer of 1877, and which was continued in use about four years. A description was given of that apparatus, and it was held, on the evidence, that it was practical and successful, and embodied the same principle as that of Gordon; that it was continued in use for nearly two years after Gordon obtained his patent; and that, although it did not contain the non-conducting jacket surrounding the outer wall of the cold-air passage, which was a feature in claim 3 of the patent, there was no patentable invention in adding a non-conducting jacket to the elements found in claim 1, or to those found in claim 4. Infringement of claim 2 was not alleged in those cases. The bills were dismissed on the ground of the prior existence of the Meinhard apparatus. In the present suits infringement is alleged in each of them of claims 1 and 4 of the Gordon patent. The testimony on both sides taken in the McKay and Welker suits in regard to the Meinhard apparatus is introduced in evidence in the present cases, and voluminous proofs in addition have been taken by both parties in regard to that apparatus. A careful examination of all the evidence, with the aid of exhaustive briefs for the respective parties, confirms me in the conclusion at which I arrived in the *McKay* and *Welker Cases*,—that the invention embodied in claims 1 and 4 of the Gordon patent existed in the Meinhard apparatus prior to the time when the invention was made by Gordon, and that that apparatus was practical and successful. The bill in each case must therefore be dismissed, with costs.